18-1311
*Oyewole v. Ora*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of September, two thousand nineteen.

PRESENT:  PETER W. HALL,
          DEBRA ANN LIVINGSTON,
              *Circuit Judges*,
          CLAIRE R. KELLY,
              *Judge.*\*

--------------------------------------------------------------------------
ABIODUN OYEWOLE, AKA TUNES BY DUNE,
                      *Plaintiff - Appellant,*

                v.                                             No. 18-1311-cv

RITA ORA, ROC NATION LLC, KELLY SHEEHAN, INDIVIDUALLY, AKA THE RUNNERS, ANDREW HARR, INDIVIDUALLY, AKA THE RUNNERS, JERMAINE JACKSON, INDIVIDUALLY, AKA THE RUNNERS, TRAC-N-FIELD ENTERTAINMENT, LLC, ANDREW DAVIDSON, INDIVIDUALLY, AKA THE MONARCHS, SEAN DAVIDSON, INDIVIDUALLY, AKA THE MONARCHS, BERRY GORDY, JR., SONY/ATV MUSIC PUBLISHING, LLC, KOBALT MUSIC GROUP, LTD., DOWNTOWN MUSIC PUBLISHING LLC, NOTORIOUS B.I.G., LLC, AKA

---

\* Judge Claire R. Kelly of the United States Court of International Trade, sitting by designation.

THE ESTATE OF GEORGE L. WALLACE, OSTEN HARVEY, JR., AKA EASY MO BEE, BEE MOE EASY MUSIC, UNIVERSAL MUSIC GROUP, EMI MUSIC PUBLISHING, INC., JOBETE MUSIC CO., INC., JUSTIN COMBS COMPANY, STONE DIAMOND MUSIC CORPORATION, WARNER CHAPPELL MUSIC, INC., TREVOR TAHIEM SMITH, AKA BUSTA RHYMES, MARSHALL BRUCE MATHERS, III, AKA EMINEM, SONGS OF UNIVERSAL, INC.,

*Defendants - Appellees.*

------------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: NZENGHA WASEME, ESQ., New York, NY.

FOR DEFENDANTS-APPELLEES: MARCIA B. PAUL (John M. Browning, *on the brief*), Davis Wright Tremaine LLP, New York, NY, *for* Defendant-Appellee Roc Nation LLC.

STACI J. RIORDAN, Nixon Peabody LLP, Los Angeles, CA, *for* Defendants-Appellees Sony/ATV Music Publishing, LLC, Notorious B.I.G., LLC, Jobete Music Co., Inc., Universal Music Group, and Songs of Universal, Inc.

EDWARD P. GROSZ, ESQ. (Brian D. Caplan, Esq., *on the brief*), Reitler Kailas & Rosenblatt LLC, New York, NY, *for* Defendants-Appellees Kobalt Music Group, Ltd. and Downtown Music Publishing LLC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Abiodun Oyewole appeals from the March 8, 2018 judgment of the United States District Court for the Southern District of New York (Nathan, *J.*) dismissing Oyewole's copyright infringement lawsuit pursuant to Fed. R. Civ. P. 12(b)(5) as to some defendants and pursuant to Fed. R. Civ. P. 12(b)(6) as to other defendants. We assume the parties'

2

familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

The following facts are drawn from the allegations in the complaint, which we assume to be true. *See Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). Oyewole is a founding member of The Last Poets, a spoken-word/rap group that created and published "When the Revolution Comes" in 1968. With lyrics that paint a picture of violent revolution and African-American empowerment, "When the Revolution Comes" ends on a cynical note:

> When the revolution comes afros gone be trying to straighten their heads and straightened heads gone be tryin to wear afros
>
> When the revolution comes
> When the revolution comes
> When the revolution comes
>
> But until then you know and I know n*****s will party and bullshit and party and bullshit and party and bullshit and party and bullshit and party . . .
>
> Some might even die before the revolution comes.

B.I.G. Supp. App. 28. In 1993, Christopher Wallace, better known as "the Notorious B.I.G." or "Biggie Smalls" ("B.I.G."), created a song called "Party and Bullshit" by sampling "When the Revolution Comes" and remixing the "party and bullshit" phrase. J. App. 118. After B.I.G. died, his estate licensed the use of the phrase "party and bullshit" to Rita Ora for her hit single "How We Do (Party)," which was released in 2012. *Id.* Oyewole sued B.I.G.'s estate, Rita Ora, and various songwriters and producers involved in the creation of "Party and Bullshit" and "How We Do (Party)" for copyright infringement, alleging that he

3

never authorized the defendants to use the phrase "party and bullshit" and never received any royalties from their infringing works. *Id.* at 120.

The District Court, assuming *arguendo* that Oyewole had an ownership interest in "When the Revolution Comes," that the phrase "party and bullshit" was a protectable expression, and that the works at issue were substantially similar, dismissed the complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that the fair use doctrine applied as an affirmative defense. J. App. 156. The fair use doctrine requires a court to consider four non-exclusive factors:

> (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> (2) the nature of the copyrighted work;
> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. The District Court concluded, in a thorough and well-reasoned opinion, that, on balance, these factors support a finding that the secondary works constitute fair use. *See Oyewole v. Ora*, 291 F. Supp. 3d 422, 433–36 (S.D.N.Y. 2018).

On appeal, Oyewole principally argues that the District Court erred in determining that the songs at issue constitute fair use of the "party and bullshit" lyric. Specifically, Oyewole contends that the four factors weigh in his favor because: (1) the allegedly infringing songs are commercial and, by virtue of the lack of aesthetic change to the original lyric, insufficiently transformative; (2) the fact that "When the Revolution Comes" is expressive outweighs the countervailing fact that it is published; (3) the "party and bullshit" lyric is a substantial portion of "When the Revolution Comes" from a qualitative perspective;

4

and (4) Oyewole's status in the hip-hip community renders the allegedly infringing songs likely to usurp the market for "When the Revolution Comes."

"We review *de novo* a grant of a motion to dismiss pursuant to Rule 12(b)(6), accepting the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor." *Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236 (2d Cir. 2018) (internal quotation marks omitted). Upon review, we conclude that the District Court properly granted the defendants' Rule 12(b)(6) motion to dismiss because the allegedly infringing songs constitute fair use of the "party and bullshit" phrase. We therefore adopt the District Court's fair use analysis in all respects, and on that basis, we affirm the District Court's dismissal of the complaint pursuant to Rule 12(b)(6). Having done so, we need not reach the service of process issues in this case. *See ONY, Inc. v. Cornerstone Therapeutics, Inc.*, 720 F.3d 490, 498 n.6 (2d Cir. 2013).

We have considered Oyewole's remaining arguments on fair use and conclude, also for the reasons ably stated by the District Court, that they are without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5